RE: ATTORNEY GENERAL OPINION REGARDING NEPOTISM
I HAVE BEEN ASKED TO RESPOND TO YOUR RECENT CORRESPONDENCE WHEREIN YOU ASKED, IN EFFECT:
 IN LIGHT OF THE PROVISIONS OF 21 O.S. 481 (1981), MAY A CURRENTLY EMPLOYED CHIEF OF POLICE, OF A MUNICIPALITY HAVING A MANAGER-COUNCIL FORM OF GOVERNMENT AND IN WHICH THE CHIEF OF POLICE IS HIRED OR APPOINTED BY THE CITY MANAGER, CONTINUE TO SERVE AS CHIEF OF POLICE AFTER HIS SON IS ELECTED TO THE CITY COUNCIL?
YOUR INQUIRY MAY BE ANSWERED BY COMPARISON OF THE NEPOTISM STATUTES WITH PROVISIONS OF 11 O.S. 10-101 (1981) ET SEQ., AS AMENDED, WHICH RELATE TO CITY GOVERNMENTS THAT HAVE A COUNCIL MANAGER FORM OF GOVERNMENT.
THE PROVISIONS OF THE NEPOTISM LAWS AT 21 O.S. 481 ET SEQ. GENERALLY PROHIBIT THE VOTING FOR OR APPOINTING OF A PERSON RELATED TO THE APPOINTING OFFICER WITHIN THE THIRD DEGREE OF AFFINITY OR CONSANGUINITY, AND PROHIBIT PAYING THE SALARY OF THE INELIGIBLE EMPLOYEE. AS YOU ARE AWARE, THESE PROVISIONS MUST BE STRICTLY CONSTRUED SINCE THEY ARE CRIMINAL STATUTES. STATE V. HUMPHREY, 620 P.2D 408 (OKL.CR.1980).
TO FULLY ANSWER YOUR INQUIRY, ONE MUST DETERMINE WHO IS THE APPOINTING AUTHORITY IN THIS CASE INVOLVING THE POLICE CHIEF. FROM A REVIEW OF THE RELEVANT STATUTES, I NOTE THAT IN THE COUNCIL MANAGER FORM OF CITY GOVERNMENT, THE CITY MANAGER IS APPOINTED BY THE COUNCIL. IN THIS FORM OF MUNICIPAL GOVERNMENT, THE CITY MANAGER THEN HIRES AND APPOINTS OTHER EMPLOYEES, INCLUDING THE CHIEF OF POLICE. (SEE 11 O.S. 10-107/11 O.S. 10-113/11 O.S. 10-119, COPIES OF WHICH ARE ENCLOSED FOR YOUR CONVENIENCE.)
SINCE, IN THE FACTS SET FORTH IN YOUR LETTER, THE CITY MANAGER, NOT THE COUNCIL, HIRED THE CHIEF OF POLICE, THEN THE SUBSEQUENT ELECTION TO THE COUNCIL OF THE POLICE CHIEF'S SON POSES NO CONFLICT UNDER THE NEPOTISM LAWS OF OKLAHOMA. PLEASE NOTE THAT UNDER OUR FACTS, THERE WOULD BE A CONFLICT IF THE CHIEF OF POLICE WAS RELATED BY BLOOD OR MARRIAGE WITHIN THE THIRD DEGREE TO THE CITY MANAGER, WHO SERVES AS THE APPOINTING OFFICER.
THOUGH NOT SPECIFICALLY CONTAINED WITHIN YOUR INQUIRY, ADDITIONAL QUESTIONS REGARDING RAISES OR PROMOTIONS USUALLY ARISE FROM SIMILAR FACT SITUATIONS. SOME OF THESE ISSUES HAVE BEEN RESOLVED BY RECENT OPINIONS OF THE ATTORNEY GENERAL AND I AM ENCLOSING COPIES OF TWO OPINIONS THAT MIGHT SHED ADDITIONAL LIGHT UPON THOSE ISSUES AS WELL.
HAD THE CHIEF OF POLICE BEEN APPOINTED BY THE COUNCIL, THE RESULT WOULD HAVE BEEN SUBSTANTIALLY THE SAME UNDER THE REASONING SET OUT IN THE TWO ENCLOSED OPINIONS. UNDER THE SAME RATIONALE OF OPINION NO. 88-045, EVEN IF THE COUNCIL HAD BEEN THE APPOINTING AUTHORITY IN YOUR FACTUAL SITUATION, THE CHIEF OF POLICE WOULD HAVE BEEN ABLE TO FILL OUT THE TERM OF HIS APPOINTMENT WITHOUT RESIGNING, ALTHOUGH THERE WOULD HAVE BEEN AN UNANSWERED QUESTION WHETHER THE NEW COUNCILMAN COULD HAVE PARTICIPATED IN THE VOTING TO PAY THE CHIEF HIS SALARY, OR APPROVING THE CLAIM FOR WAGES.
THEREFORE, BASED UPON THE ABOVE-CITED STATUTES, IT IS APPARENT THAT IN A COUNCIL-MANAGER FORM OF MUNICIPAL GOVERNMENT, THE MANAGER IS THE APPOINTING AUTHORITY FOR OTHER CITY EMPLOYEES, INCLUDING THE CHIEF OF POLICE. IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT THE PROVISIONS OF 21 O.S. 481 ARE NOT APPLICABLE TO A CURRENTLY EMPLOYED CHIEF OF POLICE OF A MUNICIPALITY HAVING A COUNCIL-MANAGER FORM OF GOVERNMENT, WHERE THE SON OF THE CHIEF OF POLICE IS SUBSEQUENTLY ELECTED TO A CITY COUNCIL POSITION. THE CHIEF OF POLICE MAY CONTINUE TO SERVE IN THAT POSITION AFTER HIS SON IS ELECTED TO THE CITY COUNCIL, SINCE THE COUNCIL IS NOT THE APPOINTING AUTHORITY UNDER 11 O.S. 10-101 ET SEQ.
THIS OPINION ADDRESSES ONLY THE LEGAL ANALYSIS OF WHETHER THE CHIEF OF POLICE MAY CONTINUE TO SERVE, AND DOES NOT ADDRESS THE APPEARANCE OF IMPROPRIETY THAT MAY RESULT FROM THE CLOSE FAMILIAL RELATIONSHIP BETWEEN THE CHIEF OF POLICE AND A COUNCILMAN. THAT TOPIC IS BEYOND THE SCOPE OF AN OPINION OF THE ATTORNEY GENERAL, BUT MAY BE RELEVANT TO THE OVERALL ANALYSIS OF THE SITUATION.
(GLEN D. HAMMONDS)